IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Gerald Franklin Kelly,** | Case No. 1:21cv1851 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Sheriff Frank Leonbruno, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Gerald Franklin Kelly ("Kelly") has filed a civil rights complaint in this matter against Sheriff Frank Leonbruno, Deputy Stefancin, and Deputy Hunt. (Doc. No. 1). Kelly alleges Defendants violated his constitutional rights when he was injured during transport and then was refused medical care for his injuries. For the following reasons, this action is dismissed.

## I. Background

In his complaint, Kelly alleges that he was injured during his transport to Lorain Correctional Institution ("LorCI") for processing. He states that Deputy Stefancin was driving the transport vehicle and Deputy Hunt sat as a passenger "with hat covering [his] eyes." (*Id.* at 3-4). Kelly claims that during the transport, Deputy Stefancin engaged in certain sudden movements that ultimately caused Kelly to be thrown from his seat into a steel divider wall and then onto the floor. (*Id.* at 4). Kelly claims that no one checked on him until 30-40 minutes later, when they arrived at LorCI, at which time Deputy Stefancin observed a bump on Kelly's head and blood on his leg, and Deputy Stefancin apologized. (*Id.*). Kelly states that despite his obvious injuries, the deputies did not check on his injuries, notify medical staff, or write an incident report. (*Id.* at 5-6).

Kelly asserts that the deputies' actions constituted dereliction of duty, negligence, unprofessionalism, and "inappropriate supervision." (*Id.*).

Kelly also alleges that he requested medical treatment at LorCI but was denied treatment. He states, however, that he once again requested medical attention "and is now taking medication, had x-rays, filed complaints, and [was] referred for CAT scan for hand and fingers (neck)." (*Id.* at 4). Kelly states that the doctor at Lake Erie Correctional informed Kelly that he likely suffered permanent nerve damage to his left hand, wrist, thumb, and two fingers. (*Id.* at 4, 7).

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Accordingly, because Kelly is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972). Courts are not required, however, to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing Sistrunk, 99 F.3d at 197). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Kelly appears to allege that Defendants have violated his constitutional rights (1) when they transported him in an unsafe manner to a correctional facility for processing and (2) in their inadequate medical treatment of the injuries he purportedly sustained during transport. Although

Kelly does not cite a constitutional basis for these claims, the Court liberally construes them as arising under the Eighth Amendment.

The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. Const. amend. VIII. "'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).

The Eighth Amendment therefore imposes a duty on prison officials to provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care" and taking "reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (citing *Helling*, supra; *Wilson v. Seiter*, 501 U.S. 294, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); *Estelle v. Gamble*, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)).

To state a claim under the Eighth Amendment's deliberate indifference framework, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). He must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm" (objective); and (2) an official must "know[] of and disregard[] an excessive risk to inmate health or safety" (subjective). *Id.* at 840 (quoting *Farmer*, 511 U.S. at 834, 837). In other words, the prisoner must demonstrate he was subjected to an objectively serious prison condition to which a defendant prison official acted with subjective "deliberate indifference." *Farmer*, 511 U.S. at 834. The subjective component of a claim requires a prisoner

to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The prison official must exhibit more than a lack of due care for a prisoner's safety to rise to the level of an Eighth Amendment violation. *Id.* at 835. The prisoner must show that the prison official had a "sufficiently culpable state of mind." *Id.* at 834. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 844.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). And only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

In the context of Kelly's transport, Kelly fails to allege that any of the defendants acted with deliberate indifference. In fact, he acknowledges that the incident in the prison transport vehicle constituted negligence. (*See* Doc. No. 1 at 5). The complaint therefore suggests the defendants exhibited a lack of due care rather than a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834-835. Kelly also states that once the vehicle arrived at its stop, Deputy Stefancin checked on his injuries and apologized. Kelly has therefore not alleged a plausible § 1983 claim against the deputies concerning the conditions during his transport.

To the extent Kelly claims "inappropriate supervision" (*See* Doc. No. 1 at 5), this claim also fails. Respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*,

469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). Supervisor liability cannot be based solely on the right to control employees or "simple awareness of employees' misconduct." *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.1982)). Therefore, a plaintiff must allege that the supervisor at least implicitly "authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* Here, Kelly does not allege facts suggesting that Sheriff Leonbruno was personally involved in his transport or knowingly approved of the actions that were taken.

To demonstrate a violation of the Eighth Amendment in the context of medical treatment, a plaintiff must show that he suffered from a "serious" medical need; *and* 2) that the prison officials were "deliberately indifferent" to that need. *See Farmer*, 511 U.S at 834-35 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

"Not 'every ache and pain or medically recognized condition involving some discomfort can support [the objective component of] an Eighth Amendment claim.'" *Sarah v. Thompson,* 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir. 1997)). And when a prisoner has received some medical attention, "and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Moreover, prisoners are not entitled to access to the medical treatment of their choice. *See Hudson*, 503 U.S. at 9. And "differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) (citing *Westlake*, 537 F.2d at 860 n.5). *See also Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) ("[Plaintiff] and Dr. Coble clearly disagreed over the preferred medication to treat [Plaintiff's] pain. However, this difference of opinion does not support an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107).

Here, even if Kelly's injuries constituted a serious medical need, Kelly fails to plausibly allege that any member of the prison medical staff was deliberately indifferent to his medical needs within the meaning of the Eighth Amendment. Kelly acknowledges in his complaint that he received some treatment for his injuries, including medication and medical tests, and at least one doctor examined him and diagnosed nerve damage. Kelly's purported dissatisfaction with his medical treatment demonstrates a difference of opinion between him and the prison health care provider over the adequacy of his treatment and does not amount to an Eighth Amendment claim. *See Estelle*, 429 U.S. at 107.

Kelly therefore fails to state a deliberate indifference claim that is plausible on its face.

To the extent Kelly alleges any state law claims, the Court declines to exercise supplemental jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity [...]." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "When all federal claims are dismissed

before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Having dismissed Kelly's federal claims at this early stage of litigation, the Court declines to exercise supplemental jurisdiction over any state law claim he may have asserted. His state law claims are therefore dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the claims without prejudice.") (citations omitted).

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 28, 2021

PAMELA A. BARKER
U. S. DISTRICT JUDGE